UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMANDA CASTRICONE | CIVIL ACTION |
| VERSUS | NO. 07-1217 |
| WOODLAND LAKE, LP AND<br>SUN BELT MANAGEMENT COMPANY | SECTION "N" (4) |

## **ORDER and REASONS**

Before the Court is the Renewed Motion for Summary Judgment (Rec. Doc. 34) by Defendant Woodland Lake, LP. The motion is opposed. After reviewing the pleadings, the memoranda of the parties, and the applicable law, the motion is **GRANTED** as stated herein.

### **I. BACKGROUND**

Plaintiff Amanda Castricone was employed as a manager at the Woodland Lake Senior Living Center in Hammond, Louisiana, which is owned by Defendant Woodland Lake, LP, and managed under contract by SBMC, Inc. As part of her compensation, Plaintiff lived rent-free in an apartment in the community and as part of her duties she was responsible for ensuring that applicants for the Center's low-rent units met income eligibility requirements. In January 2007, SBMC discovered that Plaintiff had moved a resident who exceeded the unit's income eligibility into one of the low-rent units. Plaintiff's employment was terminated and she was required to vacate her on-site apartment.

Plaintiff brought federal claims under the Family and Medical Leave Act, 26 U.S.C. § 2611

*et seq.* for pretextual termination, and under the Rehabilitation Act, 29 U.S.C. § 794 *et seq*. She also brought state law claims under LA. REV. STAT. ANN. 23:311 *et seq*. and for abuse of right and bad faith breach of lease. She also sought injunctive relief from eviction. Defendant SBMC, Inc. (incorrectly identified as Sun Belt Management Company) was dismissed by order of this Court on April 16, 2008, for failure to prosecute. Defendant Woodland Lake, LP brought a motion to dismiss or, in the alternative, for summary judgment, on April 16, 2007. The motion was continued pursuant to Rule 56(f) on September 12, 2007. Woodland Lake, LP renewed its motion for summary judgment on September 16, 2008, and Defendant was ordered to respond within seven days on January 26, 2009.

## II. ANALYSIS

**A. Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife*

*Fed'n*, 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**B. FMLA Claim and the Integrated Employer Test**

Defendant argues that it was not Plaintiff's employer and thus cannot be held liable under the Family and Medical Leave Act. *See* 29 C.F.R. § 825.104(c). Plaintiff does not deny this contention but rather argues that Woodland Lake and SMBC meet the "integrated employer" test

4

pursuant to 29 C.F.R. § 825.104(c)(2). Yet Plaintiff offers no evidence whatsoever to support this contention. Instead, Plaintiff–in a one-paragraph submission that contains no authorities, arguments, and is in no way responsive to the motion, and most decidedly does not qualify under Rule 56(f)–complains that Defendant "elected to exclude responses pertaining to the other entities of the enterprise" and promised to file a motion to compel within seven days. That motion was never forthcoming.

Plaintiff is not correct in her characterization of Defendant's discovery responses. Rather, in its responses Defendant repeatedly denies that there is any connection between Woodland Lake and SBMC and that it has no documents responsive to Plaintiff's request for documents showing such a connection. Further, Defendant supports these discovery responses with extensive affidavits denying any connection between the two companies. In response, Plaintiff offers no evidence, such as countervailing affidavits, deposition transcripts, or copies of publicly available corporate charters, or any other evidence of cross-board membership, that might tend to counteract Defendant's contentions.

Plaintiff has had notice since April 2007 that Defendant denied its allegation concerning the integrated employer test and sought summary judgment on that basis. The Court has been generous in allowing her to conduct discovery to support the allegations in her complaint. Almost two years later, however, it is apparent that she can offer no such evidence and has made little effort to support

5

her allegations. A district court is not required to allow endless leave to aid a plaintiff that has not availed itself of the mechanisms of discovery to raise a genuine issue of material fact. *See Walters v. City of Ocean Springs*, 626 F.2d 1317, 1321-22 (5th Cir. 1980). Accordingly, the motion is granted as to Plaintiff's FMLA claim.

**B. Other Claims**

Plaintiff makes no response in her opposition to the various arguments made concerning the state law claims and the additional federal law claim under the Rehabilitation Act. Accordingly, and hearing no opposition, the motion is granted as unopposed as to those claims.

### III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that Defendant's motion for summary judgment is **GRANTED**. This disposing of all issues in the action, **IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 17th day of February, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**